UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BELINDA SCOTT, Administratrix of the Estate
of Scott Eriksen,

                            Plaintiff(s),                **ORDER**
                                                    CV06-2036 (ADS)(WDW)

       -against-

COUNTY OF SUFFOLK, et al.,

                            Defendant(s).
-------------------------------------------------------------------X

**WALL, Magistrate Judge:**

Before the court is a motion by non-party New York Attorney General's Office, on behalf of five doctors who sat on the State Commission of Correction Medical Review Board, to quash subpoenas served on them by defendant Suffolk County. DE[20]. For the reasons set forth below, the motion is granted.

As a threshold issue, the court agrees with the movant that the subpoenas are defective under Rule 45 inasmuch as they require the doctors to travel more than a hundred miles[1] for their deposition without the payment of costs required by law. Further, the subpoenas are issued under a caption that is not the one reflected in the docket of this case[2], stating that the name of the case is "*Gary Eriksen, Administrator of the Estate of Scott Eriksen,*" when the caption of the action is actually "*Belinda Scott, Administratrix of the Estate of Scott Eriksen.*"

As to the substantive arguments, the movant explains that The Medical Review Board is required to investigate the death of an inmate, and it did so with regard to the death of Scott

---

[1] The court recognizes that the County has offered to travel to Albany at a time convenient to the doctors to conduct the depositions, and the motion has not been granted on the 100 mile ground.

[2] The record suggests that the related state court action in this matter indicated that Gary Eriksen is the administrator of the estate. The plaintiff is directed to determine who the actual administrator is and to amend the caption accordingly if necessary.

Eriksen. It issued a report, copies of which have been provided to all parties. *See* DE[20] at 1. According to the County, the report sets forth a finding that a defendant sergeant's omissions resulted in a critical delay contributing to Scott Eriksen's death. DE[21] at 1.

Relying on the "no other source standard," the movant argues that in order to compel the deposition testimony of a Medical Review Board member there must be a showing that the member has particularized first-hand knowledge that cannot be obtained from another source, and that the County has not made such a showing. *Id.*, citing *Sneaker Circus, Inc. v. Carter,* 457 F. Supp. 771, 794 (E.D.N.Y. 1978). The County argues that the "no source standard" applies only to high ranking officials, and that the doctors do not fall into that category, but are civilians who volunteer for the Board. DE[21] at 2. They also argue that there is no other source for the information they seek - that is, how the conclusion set forth in the report was reached, and "what information was reviewed or relied on in a medical context to reach that conclusion." DE[21] at 1. A State Commissions Investigator who was earlier deposed by the County stated that the conclusion set forth in the report could only be reached by doctors.

Balancing the stated need of the County with the burden on the civilian doctors, the court finds that the subpoenas should be quashed. There is insufficient showing that the information that the County seeks, which has been articulated by them as a determination of "what specialized information was consulted to reach the conclusions that appear" in the report is unavailable elsewhere or is the proper subject of a deposition. The County refers to the doctors' "specialized knowledge and training," but those areas presumably encompass their overall medical training, far too broad an area to fruitfully pursue in a deposition, and far too vague a basis for warranting their deposition on the record now before the court.

For these reasons, the court grants the motion to quash.

Dated: Central Islip, New York  **SO ORDERED:**
October 31, 2008

 /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge