UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
BELINDA SCOTT, Administratrix of the Estate
of Scott Eriksen,

                              Plaintiff(s),              **ORDER**
                                                                                          CV06-2036 (ADS)(WDW)

       -against-

COUNTY OF SUFFOLK, et al.,
                              Defendant(s).
---------------------------------------------------------------------X

**WALL, Magistrate Judge:**

Before the court is a motion by the plaintiff seeking the release of Grand Jury minutes that were produced to the undersigned for *in camera* review by the Honorable Gary Weber, Suffolk Supreme Court. DE[26]. The motion is opposed by the defendants. DE[29]. For the reasons set forth below, the motion is GRANTED.

Disclosure of grand jury minutes requires a strong showing of particularized need. *Ruther v. Boyle,* 879 F. Supp. 247, 250 (E.D.N.Y. 1995) (citations omitted). The plaintiff argues that the standards enunciated by the Supreme Court in *Douglas Oil Co. of California v. Petrol Stops Northwest,* 441 U.S. 211 (1979), and noted by Judge Spatt in *Ruther*, mandate the release of the minutes. In *Douglas,* the Court held that a "particularized need" for the minutes must be shown and summarized the factors underlying the particularized need standard as: (1) whether the material sought is needed to avoid a possible injustice in another judicial proceeding; (2) whether the need for disclosure is greater than the need for continued secrecy; and (3) whether the request is structured to cover only the material so needed. *Ruther*, 879 F. Supp at 250 (citing *Douglas*, 441 U.S. at 222. *Douglas* emphasized the limited nature of such disclosure and the balance of interests a court must consider, holding that disclosure is appropriate "only in those cases where the need for it outweighs the public interest in secrecy." 441 U.S. at 223. The party

seeking disclosure bears the burden of demonstrating that the balance weighs in his favor, and the court must carefully weigh the competing interests "in light of the relevant circumstances." *Id.* New York law also requires a showing of a compelling and particularized need and the careful balancing of competing interests. *See Ruther,* 879 F. Supp. at 250 (citations omitted).

Here, the plaintiff first applied to the state court for release of the minutes, and the Honorable Gary Weber ordered production of the relevant minutes, from the Suffolk County case *People v. Edward Simovich*, to be disclosed to this court for review. Having reviewed the minutes and the parties' submissions on this motion, I find that the strict standards for a showing of particularized need are met and that the balance of interests weighs in favor of disclosure.

The defendants are directed to inform the plaintiff and the court no later than June 8, 2009 whether they intend to appeal this order. The time to appeal will, of course, run from the date of entry of this order. If they do not appeal, the parties shall agree on an appropriate protective order for the minutes and present it to this court for approval prior to release of the minutes to the plaintiff. After those steps are taken, the court will set a date for a conference at which final discovery deadlines will be set.

Dated: Central Islip, New York  **SO ORDERED:**
       June 3, 2009

                                               /s/ William D. Wall
                                               WILLIAM D. WALL
                                               United States Magistrate Judge